UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | §   7:19-CR-0522-2 |
| | § |
| ARTURO C. CUELLAR, JR. | § |

## OPPOSED MOTION TO RECUSE
## UNITED STATES DISTRICT JUDGE MICAELA ALVAREZ

**TO THE HONORABLE JUDGE:**

**COMES NOW, Arturo C. Cuellar, Jr.,** by and through his attorney of record, Carlos A. Garcia and files this Motion respectfully requesting this Court recuse herself from all proceedings in this case under 28 United States Code §455(a) and the Fifth Amendment to the United States Constitution and its Due Process Clause.[1]

*Procedural History*

The government in this case began to arrest citizens accused of alleged wrongdoing on March 21, 2019 when Leonel Lopez Jr. waived his right to indictment and pled guilty to a Criminal Information before Chief Judge of the United States District Court, Ricardo Hinojosa.[2] The same day Mr. Lopez was released on an unsecured bond. On March 26, 2019 an Indictment was filed charging Richard Quintanilla with allegations of wire fraud, bribery and money laundering before United States District Judge Micaela Alvarez.[3] On April 5, 2019 a Criminal Complaint was filed alleging criminal acts against John F. Cuellar, Daniel Garcia and Arturo C. Cuellar, Jr.[4] Arturo C. Cuellar, Jr. was released on an unsecured bond on April 8, 2019. *Doc. 25*. The following day, or April 9, 2019, a Superseding Indictment was filed accusing Quintanilla,

---

[1] U.S. CONST. Amend. V; Hereinafter, 28 U.S.C. §455(a).
[2] See Attachment 1 – LOPEZ CRIMINAL DOCKET SHEET.
[3] See Attachment 2 – QUINTANILLA CRIMINAL DOCKET SHEET.
[4] See Attachment 3 – CUELLAR CRIMINAL COMPLAINT.

Garcia, J. Cuellar and Arturo C. Cuellar, Jr. with various crimes. *Doc. 30.* Arturo C. Cuellar, Jr. was arraigned on April 18, 2019 where he entered his plea of Not Guilty.

### *Facts – The Basis of Motion to Recuse*

On or about January 29, 2015 United States District Judge Micaela Alvarez (not in her professional capacity) was involved in a "violent collision" with J-III Trucking Company (hereinafter J-III).[5] Arturo C. Cuellar, Jr. incorporated and had been one hundred percent owner of J-III since 1996.[6] Judge Micaela Alvarez was transported via ambulance to a local hospital for injuries sustained in the accident. On March 16, 2015 a demand was made on behalf of Judge Micaela Alvarez against the insurance carrier hired and paid for by Arturo C. Cuellar, Jr. The demand sought the policy limits or $500,000.00 whichever was greater.[7] At the time of the accident, the policy limit for the J-III was $1,000,000.00.[8] In the demand, allegations were made that an employee of J-III was attempting to pressure Pharr Police Department to change its official record of the accident.[9] On April 8, 2015 a lawsuit seeking damages for personal injuries was filed in County Court at Law Number 5 in case number CL-15-1052-E. The sole plaintiff at filing was Judge Micaela Alvarez and the sole defendant was J-III Trucking Company. Arturo C. Cuellar, Jr. was served with the lawsuit filed on behalf of Judge Micaela Alvarez on April 13, 2015.[10] Judge Micaela Alvarez was presented and deposed under oath on January 15, 2016. The parties to the suit were ordered to mediation before February 5, 2016. On March 3, 2016 a letter was filed announcing a settlement in the case between the parties. Finally, Judge Micaela Alvarez signed a full and final release on March 21, 2016 settling the case for $60,000.00.[11]

---

[5] See Attachment 4 – STOWERS DEMAND.
[6] See Attachment 5 – INCORPORATION DOCUMENTS.
[7] See Id.
[8] See Attachment 6 – AFFIDAVIT OF ARTURO C. CUELLAR, JR.
[9] See Attachment 4 – STOWERS DEMAND.
[10] See Attachment 7 – CERTIFICATE OF SERVICE.
[11] See Attachment 8 – FULL AND FINAL RELEASE.

### *The Law Applicable Here*

This challenge is brought under 28 U.S.C. §455(a) and the Fifth Amendment to the United States Constitution and its Due Process Clause.  Section 455(a) states in relevant part: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[12]  The 5th Circuit has observed that the "goal of the disqualification statute is to promote public confidence in the judicial system by avoiding even the appearance of partiality." *Health Services Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 800 (5th Cir.1986).  Section 455(a) provides for an objective test of the facts so that "disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1111 (5th Cir.), cert. denied, 449 U.S. 820 (1980).  Our Circuit has guided us in proceeding under Section 455 for over four decades. *United States v. Brown,* 539 F.2d 467 (5th Cir.1976).

> "A fair trial in a fair tribunal is a basic requirement of due process.  Fairness of course requires an absence of actual bias in the trial of cases.  But our system of law has always ***endeavored to prevent even the probability of unfairness*** . . . .  Circumstances and relationships must be considered.  This Court has said, however, that 'Every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true between the State and the accused, denies the latter due process of law.' *Tumey v. Ohio*, 273 U.S. 510, 532 (1927).  To perform its function in the best way 'justice must ***satisfy the appearance of justice***.' *Offutt v. United States,* 348 U.S. 11 (1954)." *Id*

---

[12] 28 U.S.C. §455.

citing *In re Murchison*, 349 U.S. 133 (1955). *Emphasis added.*

In *Rapp v. Van Dusen*, the Court urged:

"For the proper administration of justice requires of a judge not only actual impartiality, but also the appearance of a detached impartiality." *Rapp v. Van Dusen*, 350 F.2d 806, 812 (3rd Cir. 1965).

Each case is fact sensitive and should be decided on its own. *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995). The relevant inquiry is how things would appear to the average person on the street. *A.J. by L.B. v. Kierst*, 56 F.3d 849, 861(8th Cir. 1995). In this case, an average person would know that Judge Micaela Alvarez served Arturo C. Cuellar, Jr. with a lawsuit naming his company as a defendant on April 13, 2015. In this case, an average person would know that a demand for $1,000,000.00 was made from Arturo C. Cuellar, Jr.'s insurance carrier. In this case, an average person would know that Judge Micaela Alvarez received but a fraction of the amount sought in litigation against Arturo C. Cuellar, Jr. or $60,000.00.

The Court herself can recuse on its own motion and without explanation. *See Levitt v. University of Texas*, 847 F.2d 221 (5th Cir. 1988). In fact, this Court arguably may have done just that in *Gregorio Trevino, Jr. v. Hidalgo County, Texas, et al*.[13] Arturo C. Cuellar, Jr. was a defendant in that case in his former capacity as County Commissioner. Early on in that case (March 1, 2016), this Court transferred that case by consent to the Honorable Judge Randy Crane (*Doc. 10*) who later recused himself. *Doc. 66*. At the time of the transfer from this Court, the lawsuit the subject of this Motion for Recusal had been on file in Hidalgo County Court Number 5 for nearly a year. Surely, if the stain of partiality was present on March 1, 2016 it wasn't washed away by the fraction of desired settlement gained after a release was signed on March 21, 2016.

---

[13] Gregorio Trevino, Jr. v. Hidalgo County, Texas, *et al*, Civil Action No. 7:15-CV-00435, Doc. 10.

Finally, the Court is asked to consider the Code of Conduct for United States Judges.[14] Specifically, Canon 2 charges that a "Judge should avoid impropriety and the appearance of impropriety in all activities." The Commentary to Canon 2 tracks the tenor and tone of the recusal statute itself:

> "An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired." Commentary Canon 2A, CODE OF CONDUCT UNITED STATES JUDGES.

Canon 3(C)(1)(a) describes where a Judge should be disqualified:

> "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding…" Canon 3(C)(1)(a), CODE OF CONDUCT UNITED STATES JUDGES.

In this case, the Court has a conflict of interest or at a minimum the appearance of partiality. Eventually, this case will head to a Jury where a Court will be called to make rulings of law. Based on the circumstances of these facts and the law as applied to them, there is no other alternative but for this Court to recuse itself and allow for the normal course of reassignment of the cause at the bar in its entirety.

---

[14] https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges

**WHEREFORE,** Arturo C. Cuellar, Jr. asks this Court grant his Opposed Motion to Recuse and all other relief he is entitled.

Respectfully Submitted,

/s/ Carlos A. Garcia
Carlos A. García
State Bar No. 24048934
Southern District of Texas Bar No.: 589236
1305 East Griffin Parkway
Mission, Texas 78572
Tel. (956) 584-1448
Fax: (956) 584-7402

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing Opposed Motion to Recuse United States District Judge Micaela Alvarez has been sent to Assistant U.S. Attorney, on May 6, 2019.

/s/ Carlos A. García
Carlos A. García

**CERTIFICATE OF CONSULTATION**

      I hereby certify that I conferred with Assistant United States Attorney Peter Nothstein, assigned to the prosecution of this case, on May 3, 2019 I explained the contents of this Motion and he is opposed.  Additionally, I conferred with Counsel for the co-defendants in this case and they are unopposed.

      /s/Carlos A. García  
      Carlos A. García

**CERTIFICATE OF GOOD FAITH**

      I hereby certify that this Motion is filed in good faith and after consultation with my client, Arturo C. Cuellar, Jr.

      /s/Carlos A. García  
      Carlos A. García