# HOLE & ALVAREZ, L.L.P.

ATTORNEYS AT LAW

WATER TOWER CENTRE
612 W. NOLANA LOOP ♦ SUITE 370
P.O. BOX 720547
McALLEN, TEXAS 78504

TEL: (956) 631-2891
FAX: (956) 631-2415
E-MAIL: mail@HoleAlvarez.com

RONALD G. HOLE
*Board Certified*
*Personal Injury Law ♦ Civil Trial Law*
*Texas Board of Legal Specialization*

CHERYL D. HOLE
ADRIANA BENAVIDES MADDOX
*Of Counsel*

March 16, 2015

### E-Mail: Drister@Littletongroup.com

Ms. Dee Rister
Littleton Claims Department
1407 N. Stewart Place Rd., Suite B
Harlingen, Texas 78552

**TIME SENSITIVE**
***STOWERS* DEMAND**
**SETTLEMENT OFFER**

Re: Insured:       J-III Trucking Company
    Claimant:      Micaela Alvarez
    Claim No.:     73-42-337502
    Policy No.:    73TRB000395
    Accident Date: January 29, 2015

Dear Ms. Rister:

As you know, I represent Micaela Alvarez in connection with the above-referenced matter. Please let this letter serve as my client's formal *Stowers* settlement demand in connection with the above-referenced matter. As such, this letter and demand is being forwarded to you pursuant to the terms of Tex. R. Evid. 408, and should not be construed as a limit or cap on the amount of damages Plaintiff will request from a jury in this case. This letter is also being sent pursuant to the holding of the Texas Supreme Court set forth in *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm. App. 1929). Please consider this letter to be my client's formal offer to settle this case with your insured, J-III Trucking Company.

I.

## FACTUAL BACKGROUND

As you should be aware, on or about January 29, 2015, your insured J-III Trucking Company's driver was negligent and apparently grossly negligent in, among other conduct, being on his cell phone, failing to control his speed, improper evasive action, various violations of TEXAS TRANSP. CODE, failing to yield the right of way, failing to steer his vehicle in an attempt to avoid the collision, and failing to keep a proper lookout, thus

Ms. Dee Rister
March 16, 2015
Page 2

causing a violent collision which resulted in my client being sent by ambulance to the hospital from the accident scene.

As you also know, my client was driving in a proper and prudent manner at the time she was violently struck from behind by your insured's vehicle. Such negligence and/or gross negligence on the part of J-III Trucking Company's driver proximately caused my client to suffer physical injuries, as well as property damage. Such negligence and/or gross negligence also proximately caused my client to suffer damages for pain and suffering, medical expenses, both past and future, and other personal injury damages.

## II.

## DAMAGES/INJURIES

Please be advised that Micaela Alvarez has suffered physical pain and suffering, medical expenses, and economic damages to date, caused exclusively by J-III Trucking Company. It is expected that Ms. Alvarez will also be requiring medical care in the future and that she will also suffer pain and suffering for the remainder of her life. Additionally, the possible gross negligence of your insured could expose it and its driver to punitive damages in excess of its policy limits. We believe that we will be able to prove to a jury, by clear and convincing evidence, that your insured was grossly negligent.

## III.

## SETTLEMENT DEMAND

Nonetheless, based upon all the foregoing, I have been authorized to settle my client's claims with your insured for the following sum: The total policy limits available to your insured or $500,000.00, whichever is greater, in exchange for a full release by Plaintiff and all others in privity with her, and Plaintiff's agreement to indemnity your insured for all liens, which attach to this claim, for which my client is responsible. This settlement offer will remain open until 12:00 p.m. on April 3, 2015, following which time, if not accepted, the offer will be withdrawn.

As I am sure you are aware, National Liability & Fire Insurance Co. is obligated under Texas law to expeditiously accept and honor a settlement demand within your insured's policy limits where it appears that there is a substantial likelihood that your insured's liability could exceed said policy limits. This is the classic *Stowers* doctrine first espoused in *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm. App. 1929), and followed closely by Texas law for the last 85 years. I am also sure you are aware that the failure to settle reasonably within policy limits may expand the

Ms. Dee Rister
March 16, 2015
Page 3

insurer's contractual liability and will allow recovery of whatever damages are ultimately determined by the trier of fact in this case.

As noted above, if my client's demand is accepted in accordance with the terms of this letter, she will pay and otherwise satisfy all liens, subrogation interests, expenses, fees and costs for which she is responsible from the settlement proceeds and she will execute a release as set out above. If my client's demand is not accepted by the time limit set forth in this letter, the offer contained in this letter will be withdrawn.

You are hereby placed on notice that in the event this offer is not timely accepted, any damages awarded by the Court or jury in excess of the liability insurance limits will be the responsibility of J-III Trucking Company, and could subject National Liability & Fire Insurance Co. to a separate action for its negligent failure to settle this case. As you know, such a separate claim can be made under the theory and philosophy set forth in the *Stowers* decision and its progeny.

You are further requested to advise and notify National Liability & Fire Insurance Co.'s insured of this offer to settle my client's claim for an amount within its available policy limits. You are further requested to notify your insured that in the event there is a judgment which awards damages over and above the maximum liability policy limits of its policy with National Liability & Fire Insurance Co., that it will be personally liable for such sum in excess of the policy limits.

You are further requested to notify your insured that, in the event National Liability & Fire Insurance Co. fails to negotiate a settlement of my client's claim, then it has the right under the *Stowers* doctrine to make a claim against National Liability & Fire Insurance Co. for any excess damages for which it may be liable. You are likewise requested to notify your insured that it has the legal right to demand that National Liability & Fire Insurance Co. settle this lawsuit within the policy limits. You are requested to notify your insured that it is also entitled to obtain a personal lawyer, which it can request to be at National Liability & Fire Insurance Co.'s expense, for advice concerning all the matters set out in this letter.

Based upon the clear liability and substantiated injuries my client suffered, our demand is both reasonable and warranted, given the facts and circumstances in this case. While this case is quite clear-cut, it appears that the insured driver is trying to deflect liability, and his insurance company is trying to pressure the Pharr Police Department to change its official record of the accident. While I am doubtful that the pressure your office is putting on the police department will result in the report being changed, the facts of the case will not. The failure of National Liability & Fire Insurance Co. to accept liability, even at this late date, and its failure to provide a rental vehicle and pay for the storage fees from my client's vehicle have caused her an enormous hardship and substantial damages.

Ms. Dee Rister
March 16, 2015
Page 4

Therefore, we will go ahead and file suit, and get this case moving. A copy of the petition is enclosed. We feel confident that a jury will return an award for damages in an amount which will exceed the insured's insurance limits and we will proceed to collect any excess from your insured. Please forward this letter and petition to the insured as well as National Liability & Fire Insurance Co.

    Please give me a call if you have any questions.

                      Sincerely,

                      HOLE & ALVAREZ, L.L.P.

                      By: _____
                          Ronald G. Hole

RGH:mzv
Enclosure (1)