United States District Court
Southern District of Texas
**ENTERED**
May 29, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 7:19-CR-522-3 |
| | § | |
| ARTURO C. CUELLAR; aka AC | § | |

## ORDER

The Court now considers the "Opposed Motion to Recuse United States District Judge Micaela Alvarez"[1] filed by Defendant Arturo C. Cuellar, Jr. ("Defendant Cuellar"). The United States of America ("Government") filed a response in opposition.[2] After considering the motion, record, and relevant authorities, the Court **DENIES** Defendant Cuellar's motion.

### I. BACKGROUND

On April 5, 2019, the Government filed a criminal complaint against Defendant Cuellar and arrested Defendant Cuellar.[3] Following an initial appearance and preliminary examination and detention hearing before United States Magistrate Judge J. Scott Hacker, Defendant Cuellar was released on a $75,000.00 unsecured bond on April 8, 2019.[4] On April 9, 2019, the Grand Jury issued a Superseding Indictment[5] charging Defendant Cuellar with one Count of Conspiracy to Commit Honest Services Wire Fraud, in violation of 18 U.S.C. § 1349 (Count 1); six Counts of Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346 (Counts 2–7); one Count of Federal Program Bribery, in violation of 18 U.S.C. § 666(a)(2) (Count 9); one Count of Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h) (Count 11);

---

[1] Dkt. No. 56.
[2] Dkt. No. 60. The Court notes the Government misspells Judge Alvarez's first name as "Michaela."
[3] Dkt. Nos. 1, 6.
[4] Minute Entry dated April 8, 2019; Dkt. Nos. 25, 26.
[5] Dkt. No. 30.

twenty-seven Counts of Money Laundering, in violation of 18 U.S.C. § 1956(a) (Counts 20–46); and twenty-seven Counts of Travel Act violations, in violation of 18 U.S.C. § 1952(a)(3) and 2 (Counts 48–74).[6] Defendant Cuellar pled not guilty on all Counts at his April 18, 2019 arraignment.[7]

Accordingly, the Court issued a scheduling order, setting Defendant Cuellar's motions deadline of May 2, 2019, and the Government's response deadline of May 22, 2019.[8] In disregard of the Court's deadline, on May 6, 2019, Defendant Cuellar filed the instant "Opposed Motion to Recuse United States District Judge Micaela Alvarez."[9] Defendant Cuellar's co-defendants are unopposed.[10] The Government filed a response in opposition.[11] The motion is now ripe for review. The Court turns to its analysis.

## II. DISCUSSION

As a threshold matter, the Court notes Defendant Cuellar lists the incorrect case number on his motion.[12] Defendant Cuellar's assigned case number is No. 7:19-CR-0522-3 and not No. 7:19-CR-0522-2. The Court cautions Defendant Cuellar to ensure his filings bear the appropriate case number because Defendant Cuellar has multiple co-defendants and No. 7:19-CR-0522-2 is already assigned to Defendant Cuellar's co-defendant.

Defendant Cuellar now requests the Court's presiding Judge, the Honorable Judge Micaela Alvarez ("Judge Alvarez"), recuse herself from this case under 28 U.S.C. § 455(a) and

---

[6] Dkt. No. 30.
[7] Minute Entry dated April 18, 2019.
[8] Dkt. No. 47.
[9] Dkt. No. 56.
[10] *Id.* at p. 7. Defendant Cuellar's co-defendants are Ricardo Quintanilla, John F. Cuellar, and Daniel J. Garcia. Dkt. No. 30. Because the instant motion is brought only by Defendant Cuellar, this Order only addresses matters relating to Defendant Cuellar.
[11] Dkt. No. 60.
[12] *See* Dkt. No. 56 p. 1.

the Fifth Amendment because of two cases formerly involving Judge Alvarez.[13] Defendant Cuellar primarily bases his motion on the existence of a 2015–2016 state civil lawsuit brought by Judge Alvarez, in her individual capacity, against Defendant Cuellar's incorporated trucking company, J-III Trucking Company ("J-III"), for injuries resulting from an automobile accident with a J-III driver.[14] Defendant Cuellar (erroneously) presents arguments as if Judge Alvarez brought such lawsuit against Defendant Cuellar personally.[15] Defendant Cuellar also suggests Judge Alvarez recused herself—as opposed to *transferred*, as reflected in the record—in 2016 from a pending federal civil case brought by individuals against Defendant Cuellar in his official capacity as County Commissioner of Hidalgo County.[16] Accordingly, Defendant Cuellar argues "the Court has a conflict of interest or at a minimum the appearance of partiality."[17] The Government argues Defendant Cuellar "fails to identify any instances of animosity or bias by Judge Alvarez, [] does not allege any contact between Judge Alvarez and [Defendant Cuellar], either during or after the litigation . . . [and] cites no law that compels—or even advises—recusal on these facts."[18] The Court finds the referenced litigation and the instant circumstances do not warrant recusal by Judge Alvarez.

### a.  Legal Standard

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

---

[13] Dkt. No. 56. The Court notes Defendant Cuellar attaches a self-serving affidavit in support of his motion, but Defendant Cuellar does not bring his motion under 28 U.S.C. § 144. *See* 28 U.S.C. § 144. Otherwise, the Court would focus on Defendant Cuellar's affidavit. *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982).
[14] Dkt. No. 56-4.
[15] Dkt. No. 56.
[16] *Trevino, Jr., et. al. v. Hidalgo County, Texas, et. al.*, No. 7:15-CV-00435, Dkt. No. 10 (S.D. Tex. March 1, 2016).
[17] Dkt. No. 56 p. 5.
[18] Dkt. No. 60 pp. 1, 6.

questioned."[19] A party moving for such disqualification "must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality."[20] "Rumor, speculations and opinions do not suffice."[21]

"The origin of a judge's alleged bias is of critical importance."[22] "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[23] "[T]here is as much obligation for a judge not to recuse when there is no occasion for h[er] to do so as there is for h[er] to do so when there is . . . Indeed, a judge, having been assigned to a case, should not recuse h[er]self on unsupported, irrational, or highly tenuous speculation."[24]

When a request for recusal centers on past litigation involving the presiding judge, courts may consider whether the past litigation was "far enough removed in time or subject matter from the present one."[25] Courts have maintained "personal bias arising from past litigation will likely erode over time."[26] A judge's "mere involvement in a totally unrelated lawsuit is insufficient to warrant recusal [under § 455] . . . [where] there is a total absence of any evidence indicating that the court displayed 'a deep-seated favoritism or antagonism that would make fair judgment

---

[19] 28 U.S.C. § 455(a).
[20] *Chitimacha Tribe of Louisiana*, 690 F.2d at 1165 (citations omitted).
[21] *Gonzalez v. Thaler*, No. 2:10-CV-069, 2011 WL 649166, at *2 (S.D. Tex. Feb. 10, 2011) (citing *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993)).
[22] *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).
[23] *Andrade*, 338 F.3d at 455 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).
[24] *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (internal quotation marks and citations omitted).
[25] *Bravo Santiago v. Ford Motor Co.*, 206 F. Supp. 2d 294, 297 (D.P.R. 2002) (collecting cases).
[26] *In re Taylor*, 417 F.3d 649 (7th Cir. 2005) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1200 (7th Cir. 1985); *Tezak v. United States*, 256 F.3d 702, 717 (7th Cir. 2001)).

Case 7:19-cr-00522   Document 64   Filed on 05/29/19 in TXSD   Page 5 of 9

impossible.'"[27] The Fifth Circuit has held a judge's withdrawal from one case involving a defendant has no disqualifying effect on the same judge presiding over another case involving the same defendant.[28] Finally, the Fifth Circuit has long recognized a judge, having already presided over and made factual findings in a criminal action involving a defendant, is not disqualified from presiding over a subsequent civil action assigned to the same judge also involving the same defendant.[29]

### b. Analysis

Defendant Cuellar states:

> In this case, an average person would know that Judge Micaela Alvarez served Arturo C. Cuellar, Jr. with a lawsuit naming his company as a defendant on April 13, 2015. In this case, an average person would know that a demand for $1,000,000.00 was made from Arturo C. Cuellar, Jr.'s insurance carrier. In this case, an average person would know that Judge Micaela Alvarez received but a fraction of the amount sought in litigation against Arturo C. Cuellar, Jr. or $60,000.00.[30]

The Government argues, "Judge Alvarez did not make any allegations about [Defendant Cuellar] at all. Defendant Cuellar was not involved in the automobile accident—and contrary to [Defendant Cuellar]'s allegations, the lawsuit was not filed against [Defendant Cuellar]."[31] The

---

[27] *Turner ex rel. Smith v. City of Fort Lauderdale*, No. 05-61635-CIV, 2008 WL 2553311, at *3 (S.D. Fla. June 20, 2008) (citing *Liteky*, 510 U.S. at 555).

[28] *United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986) ("Judge Vela's disqualification was not required under § 455 merely because he voluntarily withdrew from another case in which Elder was the defendant. Judge Vela gave no reason for his withdrawal from that case, other than to state that it was 'for none of the reasons urged by the Defendant in his Motions.' In this case, Judge Vela considered, and specifically rejected, recusal based on his prior recusal. The appellants have not shown, by affidavit or otherwise, that Judge Vela's impartiality might reasonably be questioned or that he had a personal bias or prejudice against either Elder or Merkt or in favor of the government. These facts do not indicate that a reasonable person would harbor doubts about Judge Vela's impartiality based solely on his prior recusal." (citations omitted)).

[29] *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 964 (5th Cir. 1980) ("We believe this situation not unlike countless others in which district judges become thoroughly immersed in all aspects of a case, rule on the admissibility of evidence and on its sufficiency to permit a jury to determine the litigation's outcome, and even form conclusions on ultimate facts involved and then later preside at trials involving the same facts and/or the same parties. As long as judges are not disqualified under these circumstances and overwhelming authority indicates that they are not we have no difficulty in holding that Judge Singleton's James rulings in the criminal trial do not require his disqualification." (citations omitted)).

[30] Dkt. No. 56 p. 4.

[31] Dkt. No. 60 p. 4.

5 / 9

Court finds Defendant Cuellar contradicts his own assertions and attached exhibits and grossly mischaracterizes the facts of the prior state civil lawsuit.

The prior state civil lawsuit was against J-III and *not* against Defendant Cuellar. The Government correctly points out "[a] company and its owners are discrete legal entities."[32] Referencing his own incorporation documents, Defendant Cuellar states he "incorporated and had been one hundred percent owner of J-III since 1996."[33] The attached Articles of Incorporation for J-III, as governed by the Texas Business Organization Code, provide Defendant Cuellar as the lone director, and as director, Defendant Cuellar "will not be liable to the corporation or its shareholders for monetary damages for acts or omissions that occur in the directors' capacity as directors."[34] The prior state civil lawsuit did not allege Defendant Cuellar was liable to Judge Alvarez. Defendant Cuellar also admits "the sole defendant [in the prior state civil lawsuit] was J-III Trucking Company."[35]

In addition to misstating the standard ("reasonable" person versus "average" person), Defendant Cuellar conveniently omits he was served with process because he was the *registered agent* of J-III. Defendant Cuellar's involvement in the prior state civil lawsuit remained limited as such. Further, J-III—not Defendant Cuellar—was insured by the insurance carrier and was the sole defendant in the settlement.[36] Accordingly, litigation was not "against" Defendant Cuellar and the resulting settlement was not between Judge Alvarez and Defendant Cuellar. Even considering "an average person would know" any of these circumstances, these circumstances do

---

[32] *Id.*
[33] Dkt. No. 56 p. 2; Dkt. No. 56-5.
[34] Dkt. No. 56-5 p. 2. The Court notes there is no evidence that the number of J-III directors has changed or that Defendant Cuellar was removed as a J-III director.
[35] Dkt. No. 56 p. 2.
[36] The Court also notes the demand was made "to" the insurance carrier and not "from."

not give rise to any semblance of impartiality and Defendant Cuellar provides no basis to show Judge Alvarez's impartiality towards Defendant Cuellar.

Importantly, Judge Alvarez proceeded in the prior state civil lawsuit in her individual capacity and not her official capacity.[37] Nevertheless, Defendant Cuellar attempts to show impartiality by pointing to *Trevino, Jr. et. al. v. Hidalgo County, Texas, et. al.*, a pending federal civil case naming Defendant Cuellar as a defendant in which Judge Alvarez, in her official capacity, transferred the case to the Honorable Judge Randy Crane on March 1, 2016.[38]   After noting Judge Crane's eventual recusal (ironically without attaching an accusation or speculation as to alleged impartiality), Defendant Cuellar states, "[s]urely, if the stain of partiality was present on March 1, 2016[,] it wasn't washed away by the fraction of desired settlement gained after a release was signed on March 21, 2016."[39] The Government aptly points out Defendant Cuellar did not move for Judge Alvarez's recusal in that case and that the order transferring the case "plainly states that the transfer is 'for the sake of judicial economy.'"[40] The Court finds Judge Alvarez's transfer of that federal civil case involving Defendant Cuellar has no bearing on Judge Alvarez's ability to preside over the instant federal criminal case.

Notwithstanding the Court's clear *transfer* of the case as opposed to a recusal, Defendant Cuellar fails to acknowledge two fatal flaws in his unfounded theory of "impartiality." First, while not specifically noted in Judge Alvarez's transfer order, Judge Alvarez transferred the

---

[37] *See Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 483 (N.D. Tex. 1975), *aff'd sub nom. Taylor v. Montgomery*, 539 F.2d 715 (7th Cir. 1976), and *aff'd sub nom. Pilla v. Am. Bar Ass'n*, 542 F.2d 56 (8th Cir. 1976) ("Certainly the resolution of the issues at bar in favor of the Defendants and the absolute immunity of judges acting in their *official* capacity should be taken into account by a judge in determining if the pendency of a civil action similar to the cases at bar might cause one to reasonably question his impartiality in a criminal case wherein the civil plaintiff is also a criminal defendant before him." (emphasis added)). However, the Court notes this does not apply to the instant case because Judge Alvarez did not act in her official capacity in the prior state civil lawsuit and the civil action is no longer pending and has been closed for over three years.
[38] No. 7:15-CV-00435, Dkt. No. 10 (S.D. Tex. March 1, 2016).
[39] Dkt. No. 56 p. 4.
[40] Dkt. No. 60 pp. 4–5; *Trevino*, No. 7:15-CV-00435, Dkt. No. 10 (S.D. Tex. March 1, 2016).

federal civil case to Judge Crane because Judge Crane had then pending another case involving the same issues and same defendants.[41] Second, the Court itself then alerted counsel to a possible conflict in that federal civil case because the prior state civil lawsuit was still ongoing at that time and, as noted by Defendant Cuellar, settlement and release finalized on March 21, 2016, nearly three weeks after Judge Alvarez's transfer to Judge Crane.[42] The Court never reached the issue of whether recusal was necessary.

Moreover, Defendant Cuellar argues "[b]ased on the circumstances of these facts and the law as applied to them, there is no other alternative but for this Court to recuse itself and allow for the normal course of reassignment of the case at the bar in its entirety."[43] The Government argues "Judge Alvarez has no ongoing financial interest in [Defendant Cuellar] or his business . . . [Defendant Cuellar] does not allege any action, either in the lawsuit or after, that even hints at bias or partiality against [Defendant Cuellar]."[44] The Court finds Defendant Cuellar, and his allegations of an existing "conflict of interest,"[45] willfully ignores the outcome of the prior state civil lawsuit.

The prior state civil lawsuit, a civil action completely unrelated to the instant federal criminal case, has been resolved for over three years. Resolution is the opposite of conflict. Considering Judge Alvarez and J-III reached a settlement, any inclination of antagonism on Judge Alvarez's part against Defendant Cuellar is misplaced. Certainly, a settlement does not equate to "personal bias." Even if "personal bias" existed, such would not have been directed at Defendant Cuellar and any "stain" of "personal bias" would have "washed away" by this time. Ultimately, Defendant Cuellar fails to offer any facts supporting any allegation of impartiality by

---

[41] *Trevino*, No. 7:15-CV-00435, Dkt. No. 9 pp. 1–2, ¶ 2 (S.D. Tex. Feb. 12, 2016).
[42] Dkt. No. 56 p. 4; *Trevino*, No. 7:15-CV-00435, Minute Entry dated Feb. 23, 2016 (S.D. Tex. Feb. 23, 2016).
[43] Dkt. No. 56 p. 5.
[44] Dkt. No. 60 p. 6.
[45] Dkt. No. 56 p. 5.

Judge Alvarez or any violations of the Code of Conduct for United States Judges. Defendant Cuellar only improperly relies on unsubstantiated and baseless speculations and opinions. As such, Defendant Cuellar fails to meet his burden of showing "if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality."[46] Defendant Cuellar also fails to show Judge Alvarez has any deep-seated antagonism towards him. Thus, nothing proffered by Defendant Cuellar supports disqualifying Judge Alvarez from the instant case. The Court thus **DENIES** the motion.

### III. CONCLUSION

Recusal by Judge Alvarez is not warranted. The prior state civil lawsuit between Judge Alvarez and J-III, Defendant Cuellar's company and the true defendant in the prior state civil lawsuit, does not preclude Judge Alvarez from presiding over this case, a separate federal criminal action brought by the Government commenced over three years since the resolution of the prior state civil lawsuit. The Court hereby **DENIES** Defendant Cuellar's motion.[47] Contrary to Defendant Cuellar's stance, "there is no other alternative but for this Court to" remain the presiding Court over this proceeding at this time.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 29th day of May, 2019.

_____
Micaela Alvarez
United States District Judge

---

[46] *Chitimacha Tribe of Louisiana*, 690 F.2d at 1165 (citations omitted).
[47] Dkt. No. 56.