UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | 7:19-cr-00522-3 |
| | § | |
| **ARTURO C. CUELLAR JR.** | § | |

### JOINT MOTION TO CONTINUE PRETRIAL AND TRIAL

TO THE HONORABLE MICAELA ALVAREZ:

COMES NOW, Arturo C. Cuellar Jr., the Defendant by and through his attorney of record, Carlos A. García, and moves this Honorable Court to continue Pretrial and Jury Selection dates, status conference, and motions deadlines for 90 days and shows unto the Court as follows. Counsel for all parties have indicated that they join this motion.

### BACKGROUND

1. This case is currently set for Final Pretrial Conference on December 2, 2020 and Jury Selection on December 4, 2020.

2. As this Court is aware, the United States is in the midst of an unprecedented pandemic caused by a novel coronavirus and the associated respiratory illness, COVID-19, which has disrupted the operations of this Court since mid-March.

3. On March 20, 2020, the Judges of this Court entered a Special Order imposing health- and travel-related limitations on access to Court facilities. See Special Order No. M-2020-1, In Re: Restrictions on Visitors to the McAllen U.S. Courthouse During the COVID-19 Pandemic. On April 6, 2020, this Court closed the McAllen Courthouse to the public until further notice, "to

protect the health and safety of the public, staff, and judicial officers from exposure to or spread of the virus." See Special Order No. M-2020-2, In Re: Temporary Public Access Restrictions to the United States Courthouse McAllen Division Under the Exigent Circumstances Created by the COVID-19 Pandemic.

4. On April 3, 2020, the Judges of this Court entered another Special Order suspending all trials through May 31, 2020. See Special Order No. M-2020-2, In Re: Court Operations in the McAllen Division Under the Exigent Circumstances Created by the COVID-19 Pandemic. On June 1, 2020, this Court entered a Special Order continuing all jury trials set to begin before July 3, 2020, to be reset by each Judge. See Special Order No. M-2020-5, In Re: Court Operations in the McAllen Division Under the Exigent Circumstances Created by the COVID-19 Pandemic. In doing so, this Court cited "the court's reduced ability to obtain an adequate spectrum of jurors and due to the reduced availability of attorneys and court staff to be present in courtrooms because of the public health risks." Id. Special Order M-2020-5 provided that the time period of the continuances implemented by the Order were excluded under the Speedy Trial Act, based upon the Court's finding that the ends of justice served by ordering the continuances outweighed the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

5. On September 28, 2020, Chief Judge Lee H. Rosenthal signed Second Supplemental General Order 2020-19 under the CARES Act under §15002(b). There, the Court cited the ongoing emergency situation that would materially affect the functioning of the courts. The same reasoning used under the Second Supplemental General Order for the Southern District of Texas applies in this case.

**ARGUMENT**

5.  The present health risks posed by a criminal jury trial warrant a continuance of the trial date and exclusion of all time until the trial date from Speedy Trial calculation under the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A), based on the specific circumstances of this case.

6.  As a threshold matter, and as Special Order Nos. 20-2020-1, 2, 3, and 5 reflect, the ends of justice amply justify a continuance and exclusion of time here. A pandemic, like a natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. See, e.g., Furlow v. United States, 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming Speedy Trial exclusion after eruption of Mount St. Helens); United States v. Scott, 245 F. App'x 391, 394 (5th Cir. 2007) (Hurricane Katrina); United States v. Correa, 182 F. Supp. 2d 326, 330 (S.D.N.Y. 2001) (September 11, 2001 terrorist attacks). Here, failure to continue this case will likely make the completion of the trial impossible due to public-health risks and concerns.

7.  In addition to concerns for the health and safety of court staff, prospective jurors, the defendants, and counsel and their support staff, an ends-of-justice delay of the trial in this complex, white-collar trial is particularly apt because:

   a. This is a multi-defendant case. There are three citizens accused who have asked for a Jury Trial. Each one of them proposes to have counsel sit with them at counsel table. The Government in this case has at least three (3) lawyers who will sit at counsel table along with at least one case agent.

b. This trial would also entail close contact with a number of witnesses, inconsistent with advice from the Centers for Disease Control.  In this case, the Government anticipates that trial preparation would entail meeting with at least fifteen witnesses, many of who are located throughout Texas.   Counsel for the Defendants will have there own witnesses to prepare for trial.

c. The trial also involves attorneys, support staff, and witnesses with high-risk factors.  At least two witnesses are currently undergoing an intense medical treatment regimen that has resulted in that witness having a compromised immune system. Several other witnesses are within populations at higher risk of contracting COVID-19 by the Centers for Disease Control and Prevention.

d. It will be almost impossible for jurors—including jurors in high risk groups—to maintain adequate social distance during jury selection, trial, and deliberations.

e. Counsel for the defendants and the Government join this motion for the foregoing reasons and others, including, but not limited to, due to concerns the Covid-19 pandemic might have on the jury selection process and for personal medical issues and concerns unique to each defense counsel.

## CONCLUSION

WHEREFORE, premises considered, the government prays its Motion be granted in all respects.

Respectfully Submitted,

By:  /s/ Carlos A. García
Carlos A. García
State Bar No. 24048934
Southern District of Texas Bar No.: 589236
1305 East Griffin Parkway
Mission, Texas 78572
Tel. (956) 584-1448
Fax: (956) 584-7402

### CERTIFCATE OF SERVICE

I, Carlos A. García, hereby certify that on November 2, 2020, a true and correct copy of the above and foregoing Motion for Continuance was forwarded to the Assistant United States Attorney in charge of this case and all counsel of record.

  /s/  Carlos A. García
**Carlos A. García**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | 7:19-cr-00522-3 |
| | § | |
| **ARTURO C. CUELLAR JR.** | § | |

**CERTIFICATE OF CONSULTATION**

    I, Carlos A. García, hereby certify that on or about November 2, 2020 I contacted the Assistant United States Attorney in charge of this case, concerning filing Defendant's Motion, and he is unopposed. Attorney's Assistant also contacted all counsel of record for co-defendants and they are unopposed.

    Respectfully Submitted,

**By**:___/s/ Carlos A. García_____
       Carlos A. García
       State Bar No. 24048934
       Southern District of Texas Bar No.: 589236
       1305 East Griffin Parkway
       Mission, Texas 78572
       Tel. (956) 584-1448
       Fax: (956) 584-7402