UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | 7:19-cr-00522-3 |
| | § | |
| ARTURO C. CUELLAR JR. | § | |

OPPOSED MOTION TO SUPPRESS
STATEMENTS OF THE DEFENDANT

TO THE HONORABLE JUDGE MICAELA ALVAREZ:

COMES NOW ARTURO C. CUELLAR, JR. the Defendant in the above styled and numbered cause, and pursuant to the Fifth and Sixth Amendments to the United States Constitution, and Rule 12 of the Federal Rules of Criminal Procedure, respectfully moves the Court to suppress the statements allegedly made by the Defendant to Agents for the government in connection with this cause. In support of this motion, the Defendant would show the Court as follows:

I.

In October 2014, the Defendant and undersigned counsel were invited to the United States Attorney's Office - USAO to attend a "show and tell" during which the trial prosecutors were to detail for the Defendant the evidence the trial prosecutors intended to introduce against the Defendant at trial. After several conversations with an Assistant United States Attorney an agreed time and place was agreed upon by the parties. In March 2015, the Defendant and undersigned counsel arrived at the USAO for the show and tell. Instead of a show and tell, however, they were confronted the head of the McAllen United States Attorney's Office, two FBI agents, and one IRS agent. The Defendant and undersigned counsel were informed that it was time for the Defendant to "cooperate" with the government, but the Defendant and counsel refused this request and left the USAO.

While the USAO and agents knew that the undersigned counsel continued to represent the Defendant, two FBI agents and one IRS agent interrogated the Defendant at his place of business on February 26, 2018 without the presence of counsel and without prior notice. The government agents went to Mr. Cuellar's business at approximately 4:30 PM searching out an *ex parte* meeting. This interrogation was recorded by the agents without the Defendant's knowledge. Counsel for the Defendant was not notified of the meeting before or after its conclusion. No *Miranda* rights were given to the Defendant, and the Defendant was suffering from an injured foot at the time of the interrogation. Infact, he had a protective boot around his foot throughout his interaction with the agents. The environment of this interrogation resulted in the Defendant being in custody while certain statements of the Defendant were obtained during interrogation of the Defendant by law enforcement officers without warnings being given to the Defendant in violation of the Fifth and Sixth Amendments to the United States Constitution.

II.

**Miranda Violation**

Interrogation is defined as questioning by law enforcement which is likely to result in an incriminating response from a suspect. *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). Custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Whether or not a person is in custody "must be determined based on how a reasonable person in the suspect's situation would perceive his circumstances." *Yarborough v. Alvarado*, 541 U.S. 652, 662, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). "[T]he initial determination of custody depends on the objective circumstances of the

interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." *Stansbury v. California*, 511 U.S. 318, 323, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994). In determining the objective circumstances, a court considers "first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt that they could terminate the questioning and leave." *Thompson v. Keohane*, 516 U.S. 99, 112, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995). "[T]he subjective views harbored by either the interrogating officers or the person being questioned are irrelevant." *J.D.B. v. North Carolina*, 564 U.S. 261, 270, 131 S.Ct. 2394, 180 L.Ed.2d 310 (2011). The Fifth Circuit considers the following in determining custody for *Miranda* purposes: (1) length of questioning; (2) location of questioning; (3) accusatory/non-accusatory nature of questioning; (4) amount of restraint on suspect's physical movement; (5) police statements regarding suspect's freedom to move or leave. *United States v. Wright*, 777 F.3d 769 (2015). A person's inculpatory statements obtained by custodial interrogation are inadmissible unless the person was first warned of his rights pursuant to *Miranda*. When challenged, the statement of a defendant taken as a result of custodial interrogation must be proven to be voluntary. *Miranda v. Arizona, supra*. The Defendant herein has challenged the admissibility of his custodial statement to law enforcement officers. He is entitled to an out-of-court hearing where the burden is on the government to prove the statement is admissible. *Jackson v. Denno*, 378 U.S. 368, 84 S.C. 1774, 12 L.E.2d 908 (1964).

III.

**Citizens Protection Act – 28 U.S.C. § 530B**

The *Sixth Amendment* provides in pertinent part that the accused shall have the "Assistance of Counsel" for his defense. U.S. Const. amend. VI. The government here knew

Mr. Cuellar was represented by counsel. The same agencies and the same number of agents sought to interrogate Mr. Cuellar on two separate occasions. First, in 2015, they did it in the proper way – through his attorney of choice. Counsel for Mr. Cuellar had multiple communications with the U.S. Attorney's Office to include the emails attached.[1] A date certain was agreed upon and the parties attended. Later, in 2018, they did it the improper way – behind his attorney's back.[2] In this case, the Disciplinary Rules of Professional Conduct are also important for the Court when considering the appropriate remedy. The government's *ex parte* contact with the Defendant is a violation of federal statute. i.e. the Citizens Protection Act (The Act). 28 U.S.C. § 530B. The Act was enacted to assure that attorneys for the government and those acting on their behalf, obey with the local ethics rules in every jurisdiction. *United States v. Koerber*, 966 F.Supp. 2d 1207, 1214 (2013).

> "…as a departure also from publicly known internal policies of the DOJ, FBI, and IRS meant to protect citizens' rights, the statutory ethics violation amounts to a denial of due process under the *Fifth Amendment* for which exclusion is the appropriate remedy…" *Id*.

When the government could not get a statement from Mr. Cuellar christened by his attorney, they plotted and sought to get it any way they could. However, "our accusatory system of criminal justice demands that the government seeking to punish an individual produce the evidence against him by its own independent labors, rather than by the cruel, simple expedient of compelling it from his own mouth." *Miranda v. Arizona*, 384 U.S. 436, 461 (1966).

---

[1] Attached Email Communication with Assistant United States Attorney James "Jimmy" Leo.
[2] Attached Email to FBI Agents Malkiewicz and Roncska.

IV.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully moves the Court to set this motion upon the Court's docket for an evidentiary hearing. The Defendant further prays that the Court order suppression, for all purposes, of the following:

1. All testimony concerning any statements or declarations allegedly made by the Defendant.

2. All statements, oral or written, allegedly made by the Defendant.

3. All evidence, tangible or otherwise, that may be shown to have been a product of any statements allegedly made by the Defendant.

Respectfully Submitted,

 */s/ Carlos A. Garcia*
Carlos A. García
State Bar No. 24048934
Southern District of Texas Bar No.: 589236
1305 East Griffin Parkway
Mission, Texas 78572
Tel. (956) 584-1448
Fax: (956) 584-7402

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above foregoing opposed Motion has been sent to Assistant U.S. Attorney, 1701 W. Bus. Hwy 83, Ste. 1011 McAllen, Texas 78501, on June 21, 2021.

/s/ Carlos A. García_____
Carlos A. García

## **CERTIFICATE OF CONSULTATION**

I hereby certify that the Assistant United States Attorney assigned to this case was consulted on numerous occasions about the relief sought and he is opposed.

/s/Carlos A. García
Carlos A. García