**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **No. M-19-0522-S1** |
| | § | |
| **ARTURO C. CUELLAR, JR.** | § | |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE**
**TO STATE AN OFFENSE UNDER 18 U.S.C. § 666(a)(2)**

TO THE HONORABLE JUDGE MICAELA ALVAREZ:

COMES NOW ARTURO C. CUELLAR, JR., one of the Defendants in the above styled and numbered cause, and respectfully files this Motion to Dismiss for Failure to State an Offense Under 18 U.S.C. § 666(a)(2) and as grounds therefor would show:

I.

Count Nine of the Superseding Indictment charges the Defendant, from March 2008 to November 2014, bribed John Cuellar, an agent of the City of Weslaco, which is allegedly a local governmental organization that received benefits in 2014 under a federal assistance program, with cash of $5,000.00 or more, intending to influence and reward John Cuellar in connection with contracts for the construction and rehabilitation of the city's water treatment facilities, in violation of 18 U.S.C. § 666(a)(2). (Doc 30 at 21). Regarding this statute, the 2019 Fifth Circuit Pattern Jury Instructions states it is a crime:

> for anyone to corruptly give, offer, or agree to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local, or Indian tribal government, or any agency thereof, that receives more than $10,000 in federal assistance in any one year period, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more.

*Id.*

The 2019 Fifth Circuit Pattern Jury Instructions states this statute has the following

elements:

> *First*: That a person was an agent of a named organization;
>
> *Second*: That the organization was an organization that received in any one-year period, benefits in excess of $10,000 under a Federal program involving a Federal assistance program;
>
> *Third*: That the defendant corruptly gave a thing of value to an agent of that organization with the intent to influence that agent in connection with any business of that organization; and
>
> *Fourth*: That the business transaction involved anything of value of $5,000 or more.

*Id.*

## II.

A federal court lacks jurisdiction over a count in an indictment charging a violation of 18

U.S.C. § 666(a)(2), if there is no connection between the charged conduct and federal funds or a

federal program. *United States v. Zwick*, 199 F.3d 672, 687 (3d Cir. 1999). It is clear that 18

U.S.C. § 666(a)(2) requires the government be able to prove that "a federal interest is

implicated" by the conduct of a defendant. *Id.* Should a federal court refuse to require a

connection between the offense conduct and federal funds or programming, this statute would

violate federalism concerns by criminalizing corrupt acts by State agents that failed to be

connected with federal funds or programs. *Id.* Where federal funds consisted of a small disaster

relief fund and were received for snow removal and flood control, but the alleged bribe

concerned developers who were being granted sewer access permits and landscaping contracts,

the alleged bribe was completely unrelated to the federal grant or activities funded by the federal

grant. *Id.* In such a case, 18 U.S.C. § 666(a)(2) would not apply because of the lack of a connection between the offense conduct and federal funds or programming. *Id.*

In the case at bar, the government has not identified any federal funds or programs that satisfy the federal interest requirement and the City of Weslaco's receipt of more than $10,000.00 in general funds in 2008 through 2014. Additionally, the government has not identified any federal funds or programs related to the alleged bribery regarding contracts for the construction and rehabilitation of the city's water treatment facilities.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this motion be granted and this Court dismiss Count Nine against the Defendant Cuellar.

Respectfully Submitted,

 */s/ Carlos A. Garcia*
Carlos A. García
State Bar No. 24048934
Southern District of Texas Bar No.: 589236
1305 East Griffin Parkway
Mission, Texas 78572
Tel. (956) 584-1448
Fax: (956) 584-7402

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of June 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the Assistant United States Attorney in this case.

*/s/ Carlos A. Garcia*

**CERTIFICATE OF CONSULTATION**

I hereby certify that on the 21st day of June 2021, I consulted with the Assistant United States Attorney in charge of this case about the filing of this Motion.  As of the time of filing, he had not replied.

*/s/ Carlos A. Garcia*