UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| **UNTED STATES OF AMERICA** | § § § | |
| v. | § § | CRIMINAL NO. M-19-CR-522:2 |
| **ARTURO C. CUELLAR, JR.,** | § § § | |
| Defendant. | § | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT ARTURO C. CUELLAR'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Texas and the Chief of the Public Integrity Section of the Criminal Division of the Department of Justice and respectfully submits this opposition to defendant "AC" Cuellar, Jr.'s ("defendant" or "A. Cuellar") Motion to Dismiss for Failure to State an Offense under 18 U.S.C § 666(a)(2). Dkt. No. 268.

The defendant's motion should be denied because he relies solely on *United States v. Zwick*, 199 F.3d 672, 687 (3d Cir. 1999), which was overruled by the Supreme Court seventeen years ago in *Sabri v. United States*, 541 U.S. 600 (2004). The Supreme Court held in *Sabri* and the Fifth Circuit has acknowledged—citing *Sabri* more than twenty times since it was decided—that a prosecution under Section 666 does not require the government to allege or prove a nexus between the federal funds and the criminal activity, contrary to the defendant's statement of the law. *Id., see e.g., United States v. Franco*, 632 F.3d 880, 883 (5th Cir. 2011) (quoting *Sabri*, 541 U.S. at 606) ("enacting Section 666 was a valid exercise of the Spending Clause and the Necessary and Proper Clause."); *United States v. Nowlin*, 667 F. App'x 512, 513 (5th Cir. 2016) ("Nowlin's argument that the court lacked subject matter jurisdiction is without merit because a

1

direct nexus between the criminal conduct and the federal funds is not a jurisdictional element of a § 666 offense.").

In *Sabri,* the Supreme Court stated that it granted certiorari to

> [R]esolve a split among the Courts of Appeals over the need to require connection between forbidden conduct and federal funds; *compare*, *e.g., United States v. Grossi*, 143 F.3d 348 (7th Cir. 1998) (no nexus requirement), and *United States v. Lipscomb*, 299 F.3d 303 (5th Cir. 2002) (same), with *United States v. Zwick*, 199 F.3d 672 (3d Cir. 1999) (nexus requirement), and *United States v. Santopietro*, 166 F.3d 88 (2d Cir. 1999) (same).

541 U.S. at 604. The Supreme Court overruled *Zwick* and *Santopietro*, holding that Section 666 was not unconstitutional because it did not require a nexus between the federal funds and the alleged bribe. *Id*. Specifically, the Court stated, "[w]e can readily dispose of this position that, to qualify as a valid exercise of Article I power, the statute must require proof of connection with federal money as an element of the offense." *Id.* at 605. The Court held that instead of requiring a nexus to federal funds, "[i]t is certainly enough that the statutes condition the offense on a threshold amount of federal dollars defining the federal interest, such as that provided here." *Id*. at 606.

Count Nine of the Superseding Indictment properly alleges, and the government will prove at trial, that the city of Weslaco "received benefits in excess of $10,000 pursuant to a Federal program involving a grant, contract, subsidy, loan guarantee, and other forms of Federal assistance in 2014." Dkt. No. 30 at ¶ 85. However, "[b]ecause money is fungible, . . . a nexus between the criminal activity and the federal funds is unnecessary." *United States v. Richard*, 775 F.3d 287, 293 (5th Cir. 2014) (citing *Sabri*, 541 U.S. at 606).

The defendant's motion should be denied because it is based on an incorrect statement of the law and relies on a single case that was overturned by the Supreme Court seventeen years ago on the sole proposition for which the defendant cites it.

WHEREFORE, premises considered, the Government prays that the defendant's motion be denied.

Respectfully submitted,

| | |
|---|---|
| JENNIFER LOWERY<br>Acting United States Attorney | COREY R. AMUNDSON<br>Chief, Public Integrity Section |
| */s/ Roberto Lopez, Jr.*<br>Roberto Lopez, Jr.<br>Assistant United States Attorney<br>State Bar No. 24074617<br>1701 West Business 83, Suite 600<br>McAllen, Texas 78501<br>Phone:  (956) 618-8010<br>Fax:      (956) 618-8009 | */s/ Peter M. Nothstein*<br>Peter M. Nothstein<br>Deputy Chief<br>Erica O. Waymack<br>Trial Attorney<br>Public Integrity Section, Criminal Division<br>Email: Peter.Nothstein@usdoj.gov<br>Email: Erica.O'Brien.Waymack@usdoj.gov<br>Phone: (202) 514-1412 |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 28th day of June, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will, in turn, send notification and a copy of said filing to all counsel of record through the CM/ECF System.

                                              */s/ Peter M. Nothstein*
                                              Peter M. Nothstein
                                              Deputy Chief
                                              Public Integrity Section