UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CRIM. ACTION NO. 7:19-cr-00522-1,3 |
| RICARDO QUINTANILLA, a/k/a | § | |
| "Richard," and ARTURO C. CUELLAR, | § | |
| JR., a/k/a "AC," | § | |
| | § | |
| Defendants. | § | |

## JURY INSTRUCTIONS

*Members of the jury*:

You have now heard all of the evidence in the case. It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, both defendants are presumed by the law to be innocent. Both defendants begin with a clean slate. The law does not require either defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of either defendant not to testify.

The government has the burden of proving each defendant guilty beyond a reasonable doubt. If the government fails to do so for a defendant, you must acquit that defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in doing so to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witnesses would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have ben instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is testimony of one who asserts knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find a defendant guilty.

Among the exhibits admitted during the trial were recordings that contained conversations in the English and Spanish language. You were also provided English transcripts of those conversations. The transcripts were provided to you so that you can consider the content of the conversations on the recordings. Whether a transcript is an accurate translation, in whole or in part, is for you to decide. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

In considering whether the transcripts accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

In this case there are two transcripts because there is a difference of opinion as to what is said on the tape. You may disregard any portion of either or both transcripts if you believe they

reflect something different from what you hear on the tape. It is what you hear on the tape that is evidence, not the transcripts.

Certain charts and summaries have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

The charts and summaries include inferences or conclusions drawn from the records underlying them. It is up to you to determine if these inferences or conclusions are accurate. The underlying records are the best evidence of what occurred.

I remind you that it is your job to decide whether the government has proved the guilt of each defendant beyond a reasonable doubt. While you must consider all of the evidence, this does not mean that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses. You should decide whether you believe all, some part, or none of what each person had to say and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. Always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

In this case the government called two witnesses, alleged to be co-conspirators, who have pled to certain charges and who hope to get consideration at sentencing.

An alleged accomplice is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime alleged on a date reasonably near the dates stated in the indictment for that particular count.

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Southern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district. An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Southern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Hidalgo County, Texas, and Starr County, Texas are located in the Southern District of Texas.

You will note that we do have an official record of the trial being made; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case. Therefore, I remind you that you should rely on your memory as to what the testimony presented in this case was.

## Specific Instructions

Now, I will summarize the indictment and give you my instructions with reference to the essential elements that must be proven by the government beyond a reasonable doubt before you may convict the defendant. A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or the other defendant. You must give separate consideration to the evidence as to each defendant. You will have a copy of the indictment with you in the jury room. Also, you will note that the indictment has been redacted. You are not to speculate about what has been redacted. You are to consider only the charges as set out in the indictment. I remind you that the indictment is not evidence of guilt.

### CONSPIRACY TO COMMIT HONEST SERVICES WIRE FRAUD
### Count One

In Count One, the defendants are charged with violating Title 18, United States Code, Section 1349, which makes it a crime to conspire to commit the offense of honest services wire fraud.

In turn, Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate wire communications in carrying out a scheme to defraud.

Finally, Title 18, United States Code, Section 1346, provides in pertinent part that "the term 'scheme . . . to defraud' includes a scheme to deprive another of the intangible right of honest services."

The defendant is charged with conspiring to devise and intend to devise a scheme and artifice to defraud and to deprive, by means of material false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures, and sounds for the purpose of executing the scheme and artifice to defraud and deprive, that is, to deprive the City of Weslaco, the Weslaco City Commission, and the citizens of Weslaco of their right to the honest services of John Cuellar and Gerardo Tafolla through bribery.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person agreed to commit the crime of honest services wire fraud, as charged in the indictment (I will explain to you the elements of the crime of honest services wire fraud later in these instructions); and

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

As to this alleged conspiracy, and the one set out in Count Eleven, one may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

<u>Elements of Honest Services Wire Fraud</u>

The elements of honest services wire fraud, each of which you must be convinced that the government has proved beyond a reasonable doubt, are:

*First*: That the defendant knowingly devised or intended to devise any scheme to defraud, that is to deprive the City of Weslaco, the Weslaco City Commission, and the citizens of Weslaco of their intangible right to the honest services of John Cuellar and Gerardo Tafolla through bribery;

*Second*: That the scheme to defraud employed false material representations, false material pretenses, or false material promises;

*Third*: That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

**Fourth**: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive citizens, a local government, or a government agency of the intangible right to honest services through bribery of a public official (I will define "bribery of a public official" for you later in these instructions).

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation, pretense, promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, promise, is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate wire communications

facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

As set out in the indictment, each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

<u>Bribery of a Public Official</u>

Bribery of a public official – that is the solicitation or acceptance of bribes by a public official – has the following elements, each of which you must be convinced that the government has proven beyond a reasonable doubt:

***First***: That the defendant directly or indirectly gave, offered, or promised, something of value to John Cuellar or Gerardo Tafolla, who were public officials as members of the Weslaco City Commission; and

***Second***: That the defendant did so corruptly with intent to influence an official act by the public official. The defendant only needs to have promised something of value to the public official, he need not succeed in influencing that person.

An act is "corruptly" done if it is done intentionally with an unlawful purpose.

The term "official act" means any decision or action on any question or matter, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit.  This has two parts to it.

(1) First, the question or matter must be specific and focused and involve a formal exercise of governmental power. In this case, the charge is that the question or matter is any Weslaco City Commission vote that related to the Weslaco Water Treatment Plant (WTP) and South Wastewater Treatment Plant (SWWTP) contracts.

(2) Second, the public official must make (or agree to make) a decision or take (or agree to take) an action on that question or matter. A decision or action on a qualifying step for a question or matter, would qualify as an official act. An official act also includes a public official exerting pressure on another official to perform an official act, or providing advice to another official, knowing or intending that such advice will form the basis for an official act by another official.

Setting up a meeting, hosting an event, or talking to another official, without more, does not qualify as a decision or action on a question or matter. Simply expressing support at a meeting, event, or call—or sending a subordinate to such a meeting, event, or call—similarly does not qualify as a decision or action on a question or matter, as long as the official does not intend to exert pressure on another official or provide advice, knowing or intending such advice to form the basis for an official act. You may, however, consider evidence that a public official set up a meeting, hosted an event, talked to another official, expressed support, or sent a subordinate as evidence of an agreement to take an official act. You may consider all of the evidence in the case, including the nature of the transaction, in determining whether the conduct involved an official act.

In order to satisfy the elements of bribery, however, the public official need not actually perform an official act, or even intend to do so. When the defendant is a public official charged with receiving a bribe, it is sufficient if the public official agrees to perform an official act in exchange for a thing of value. This agreement need not be explicit, and the public official need not specify the means that he will use to perform his end of the bargain. You may, for example, conclude that an agreement was reached if the evidence shows that the public official received a

thing of value knowing that it was given with the expectation that the official would perform an official act in return. Likewise, when the defendant is a person who is charged with paying a bribe, it is sufficient if the defendant intends or solicits the public official to perform an official act in exchange for a thing of value.

**HONEST SERVICES WIRE FRAUD**
**Counts Two, Five, Six, and Seven**

In Counts Two, Five, Six and Seven, the defendants are charged with violating Title 18, United States Code, Section 1343 and 1346, which makes it a crime to commit honest services wire fraud.

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate wire communications in carrying out a scheme to defraud.

Title 18, United States Code, Section 1346, provides in pertinent part that "the term 'scheme . . . to defraud' includes a scheme to deprive another of the intangible right of honest services."

For you to find either defendant guilty of these counts, you must be convinced that as to that count, the government has proved each of the elements of the crime of honest services wire fraud, which I provided you earlier in my instructions, beyond a reasonable doubt as to that Defendant.

**BRIBERY CONCERING PROGRAMS RECEIVING FEDERAL FUNDS**
**(OFFERING A BRIBE)**
**Counts Eight and Nine**

In Count Eight as to Ricardo Quintanilla and Count Nine as to Arturo C. Cuellar, Jr., each Defendant is charged separately with violating Title 18, United States Code, Section 666(a)(2), which makes it a crime for anyone to corruptly give, offer, or agree to give anything of value to

any person, with intent to influence or reward an agent of an organization or of a State, local, or Indian tribal government, or any agency thereof, that receives more than $10,000 in federal assistance in any one year period, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more.

For you to find the defendant, Ricardo Quintanilla guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That Gerardo "Jerry" Tafolla was an agent of the City of Weslaco;

*Second*: That the City of Weslaco was a local government that received in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance;

*Third*: That the defendant corruptly gave, offered, or agreed to give money to Gerardo Tafolla with the intent to influence or reward Gerardo Tafolla in connection with any business, transactions, or series of transactions of the City of Weslaco; and

*Fourth*: That the business, transaction, or series of transactions involved anything of value of $5,000 or more.

For you to find the defendant, Arturo C. Cuellar, Jr. guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That John F. Cuellar was an agent of the City of Weslaco;

*Second*: That the City of Weslaco was a local government that received in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance;

**Third**: That the defendant corruptly gave, offered, or agreed to give money to John F. Cuellar with the intent to influence or reward John F. Cuellar in connection with any business, transactions, or series of transactions of the City of Weslaco; and

**Fourth**: That the business, transaction, or series of transactions involved anything of value of $5,000 or more.

These instructions and definitions that I am about to give you apply to both Counts Eight and Nine

The term "agent" means a person authorized to act on behalf of another person, or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative.

The term "local" means of or pertaining to a political subdivision within a State.

The term "in any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.

An act is "corruptly" done if it is done intentionally with an unlawful purpose. An act is done corruptly if it is done with the intent to engage in some specific *quid pro quo*, that is to receive a specific benefit in exchange for payment, or to induce a specific act. A payment is made with corrupt intent only if it was made or promised with the intent to corrupt the particular official. One has the intent to corrupt the official only if he makes a payment or promise with the intent to engage in a specific *quid pro quo* with that official. The defendant must have intended for the official to engage in some act or omission or course of action or inaction in return for the payment.

The thing of value need not have been solicited, demanded, or accepted solely with a corrupt intent to influence or reward, because people rarely act for a single purpose.

The fact that an act is motivated, in part, by family relationship or friendship is no defense. Actions taken with a dual motive constitute bribery so long as one of the motives is to influence or reward the public official. It is no legal defense that the official acts were good for the community or were acts that the public official would have or should have taken without the bribe. On the other hand, if actions were entirely motivated by legitimate reasons, like family relationship or friendship, then they do not constitute bribery.

The word "value" means the face, par, market value, or cost price, either wholesale or retail, whichever is greater.

It is not necessary to prove that the defendant's conduct directly affected the federal funds received by the agency under the federal program. However, there must be some connection between the criminal conduct and the local government receiving federal assistance.

It is also not necessary to prove that the defendant offering the bribe benefitted from the bribe or that the bribe was successfully obtained by the agent of the local government.

In determining whether the defendant is guilty of this offense do not consider bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.

The following actions performed or agreed to be performed by the public official, without more, are not sufficient to establish a violation of 18 U.S.C. § 666: setting up a meeting, hosting an event, talking to another official, sending a subordinate to a meeting, or simply expressing support for a constituent. You may, however, consider evidence that a public official took those actions as evidence of a corrupt agreement, and the government may satisfy its burden by proving

that the public official took those actions in order to exert pressure on another official or to provide advice to another official, knowing or intending such advice to form the basis for action by that official. You may consider all of the evidence in the case, including the nature of the transaction, in determining whether the conduct constituted a violation of the statute.

It is not a defense to the crime of bribery as charged in Counts One, Two, Five, Six, Seven, Eight and Nine of the Indictment that the offer, promise, demand, or receipt of anything of value was made to or by the public official to influence an official act which is actually lawful, desirable, or even beneficial to the public.

It is not a defense to bribery that the public official would have or could have taken the same action without being paid, or that the person facilitating the bribe could have achieved the same result on the official action without committing bribery.

## CONSPIRACY TO COMMIT MONEY LAUNDERING
### Count Eleven

The defendants are charged in Count Eleven with violating Title 18, United States Code, Section 1956(h), which makes it a crime for anyone to conspire to commit money laundering.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.

For you to find either defendant guilty of this crime, you must be convinced that as to that Defendant, the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of money laundering (I will provide you with the elements of the offense of money laundering, each of which the government must prove beyond a reasonable doubt, in these instructions in the section on Counts Twelve through Forty-Six);

*Second*: That the defendant knew the unlawful purpose of the agreement; and

*Third*: That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

Recall that I gave you further instructions pertinent to this conspiracy in my instructions on Count One. You are to consider those instructions in your deliberations on this conspiracy count.

## LAUNDERING MONETARY INSTRUMENTS — PROCEEDS OF UNLAWFUL ACTIVITY
### Counts Twelve to Forty-Six

Defendant Ricardo Quintanilla is charged in Counts Twelve to Nineteen and Defendant Arturo C. Cuellar, Jr. in Counts Twenty to Forty-Six with violating Title 18, United States Code, Section 1956(a)(1), which makes it a crime for anyone to conduct a financial transaction with the proceeds of specified unlawful activity, knowing that the property involved represents the proceeds of some form of illegal activity with the intent to promote the carrying on of specified unlawful activity or knowing that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

For you to find either defendant guilty of any of these counts, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly conducted a financial transaction;

*Second*: That the financial transaction involved the proceeds of a specified unlawful activity, namely bribery of a public official;

*Third:* That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

**Fourth**: That the defendant intended to promote the carrying on of the specified unlawful activity or that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

With respect to the second element, the government must show that, in fact, the property was the proceeds of bribery of a public official, which is a specified unlawful activity under the statute.

With respect to the third element, the government must prove that the defendant knew that the property involved in the transaction were the proceeds of some kind of crime that is a felony under federal, state, or foreign law; although, it is not necessary to show that the defendant knew exactly what crime generated the funds.

I instruct you that bribery of a public official is a felony.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition, or with respect to a financial institution, a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The term "financial transaction" includes any "transaction," as that term has just been defined, which involves the use of a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by his actions or that commerce was actually affected. All that is necessary is that the natural and probable consequence of the acts the defendant took

would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

## INTERSTATE AND FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING INTERPRISES
### Counts Forty-Eight to Seventy-Four

The defendant, Arturo C. Cuellar is charged in Counts Forty-Eight to Seventy-Four with violating Title 18, United States Code, Section 1952, which makes it a crime for anyone to use any facility in interstate commerce, with intent to commit or facilitate certain unlawful activity, and thereafter perform or attempt to perform that unlawful activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant used any facility in interstate commerce;

*Second*: That the defendant did so with the specific intent to promote, manage, establish, or carry on an unlawful activity; and

*Third*: That subsequent to the use of any facility in interstate commerce, the defendant did knowingly and willfully promote, manage, establish, or carry on such unlawful activity.

"Commerce" includes travel, trade, transportation and communication.

"Interstate commerce" means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia.

"Willfully," means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is, with bad purpose either to disobey or disregard the law.

"Unlawful activity" is defined under 18 U.S.C. §1952(b)(2) and includes bribery committed in violation of state law.  Here, the applicable Texas bribery law is Texas Penal Code §36.02.

Texas Penal Code § 36.02 provides:

(a)     A person commits an offense if he intentionally or knowingly offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept from another:

> (1)  any benefit as consideration for the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant, party official, or voter;
> (2)  any benefit as consideration for the recipient's decision, vote, recommendation, or other exercise of official discretion in a judicial or administrative proceeding;
> (3)  any benefit as consideration for a violation of a duty imposed by law on a public servant or party official; or
> (4) any benefit that is a political contribution as defined by Title 15, Election Code, or that is an expenditure made and reported in accordance with Chapter 305, Government Code, if the benefit was offered, conferred, solicited, accepted, or agreed to pursuant to an express agreement to take or withhold a specific exercise of official discretion if such exercise of official discretion would not have been taken or withheld but for the benefit, notwithstanding any rule or evidence or jury instruction allowing factual inferences in the absence of certain evidence, direct evidence of the express agreement shall be required in any prosecution under this subdivision.

(b)  It is no defense to prosecution under this section that a person whom the actor sought to influence was not qualified to act in the desired way whether because he had not yet assumed office or he lacked jurisdiction for any other reason.

(c)  It is no defense to prosecution under this section that the benefit is not offered or conferred or that the benefit is not solicited or accepted until after:

> (1)     The decision, opinion, recommendation, vote, or other exercise of discretion has occurred; or,

> (2)   *The public servant ceases to be a public servant.*
>
> *(d)   It is an exception to the application of Subdivisions (1), (2) and (3) of Subsection (a) that the benefit is a political contribution as defined by Title 15, Election Code, or an expenditure made and reported in accordance with Chapter 305, Government Code.*
>
> *(e)   An offense under this section is a felony of the second degree.*

"Knowingly," as used throughout these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## AIDING AND ABETTING
### Counts Two, Five to Nine, Counts Twenty to Forty-Six, and Counts Forty-Eight to Seventy-Four

For Count Two, Counts Five to Nine, Counts Twenty to Forty-Six, and Counts Forty-Eight to Seventy-Four, you may find a defendant committed this offense by aiding and abetting. The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that a defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find either defendant guilty of Count Two, Counts Five to Nine, Counts Twenty to Forty-Six, and Counts Forty-Eight to Seventy-Four by aiding and abetting, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense as alleged in one of these counts was committed by some person; and for that particular count;

*Second*: That the defendant associated with that criminal venture;

*Third*: That the defendant purposefully participated in that criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

I remind you that you are to consider each count separately and each of the above referenced elements must be proven beyond a reasonable doubt for each count before you may

find the defendant guilty for Count Two, Counts Five to Nine, Counts Twenty to Forty-Six, and Counts Forty-Eight to Seventy-Four by aiding and abetting. Also, the fact that you find a defendant guilty of one of the counts by aiding and abetting does not mean you must find that defendant guilty of the remaining counts by aiding and abetting.

It is not a defense to any crime charged that the City of Weslaco needed a new water treatment plant or waste-water treatment plant. It is also not a defense to any crime charged that other commissioners voted in favor of the relevant contracts, that the contracts were beneficial to the City of Weslaco, or that the public official alleged to have been bribed would have taken the same action even without a bribe.

It is also not a defense that a defendant was also engaged in legitimate consulting work, unless you find that the acts alleged to have been committed by the defendant were only for legitimate consulting work.

## **Verdict**

I will now explain your final instructions. You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crimes charged. The defendants are not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

If either or both defendants are found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

As I have already mentioned, to reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson. Your foreperson will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience. On the verdict form, the foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment,

either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the deputy marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict. You will now retire to your deliberations.

DONE at McAllen, Texas this 20th day of October 2022.


_____
Micaela Alvarez
United States District Judge
